IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, } | | |
| } | | |
| PLAINTIFF } | | |
| } | | |
| VS. } | Civil No | 08-1065 |
| } | | |
| } | | |
| } | | |
| F J N CONTRACTORS, INC., } | | |
| FRANCISCO GARCIA JULIAN, } | | |
| Individually and as Partner of F J N } | | |
| Contractors, Inc., LINDA MARLENE } | | |
| JULIAN (GORZ), DEBORAH JULIAN, } | | |
| INTERNATIONAL PAPER COMPANY, } | | |
| FORD MOTOR CREDIT COMPANY, } | | |
| AGWORKS, INC., AND, DAN BREMER } | | |
| DBA AGRISTAFF, INC., } | | |
| } | | |
| DEFENDANTS } | | |

<u>DECREE OF FORECLOSURE</u>

Now on this 7th day of October, 2009, this case comes on to be heard, and the Court being advised in the premises, finds:

1. That the Court has jurisdiction of the parties and subject matter herein.

2. That the Plaintiff filed its Complaint against the Defendants on August 6, 2008.

3. That the Defendants Dan Bremer d/b/a AgriStaff, Inc., AgWorks, Inc., Ford Motor Credit Corp., International Paper Co., and Linda Julian Gorz were served with summons and a copy of complaint by certified mail.

4. Defendant Francisco Garcia Julian was served by the U.S. Marshal's Service.

5.     That the Defendant Deborah Julian was served by and through her attorney, Paul W. Keith.

6.     That the answer of Defendants, AgWorks and Dan Bremer, dba AgriStaff Inc. was filed on August 26, 2008.

7.     That the answer of Defendants, FJN Contractors, Inc. and Francisco Garcia Julian was filed on September 4, 2008.

8.     That the default of Defendants Ford Motor Credit Co., Linda Marlene Julian Gorz and International Paper Co. was entered by the Clerk on October 23, 2008, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

9.     That the answer of Defendant Deborah Julian was filed on November 6, 2008.

10.    That the Plaintiff filed its Motion for Summary Judgment on December 5, 2008. Defendants, FJN Contractors, Inc., Francisco Garcia Julian and Deborah Julian responded to said Motion for Summary Judgment on December 23, 2008. The plaintiff filed a reply to the defendants response on September 11, 2009.

11.    That this Court entered its Order granting Plaintiff's Motion for Summary Judgment on notes 43-09, 43-12 and 43-13 listed in paragraph 12 on September 30, 2009.

12.    That, in order to receive loan assistance from the United States of America, Defendants, Francisco Garcia Julian and Linda Marlene Julian[1], executed individually and as Partners of F J N, certain Promissory Notes, representing loans made, renewed, rescheduled and/or

---

[1]     Linda Marlene Julian (now Gorz) and Francisco Garcia Julian were formally divorced on July 30, 2002, by virtue of a Decree of Divorce entered of record in *Linda M. Julian vs. Francisco Julian,* Case No. DR-2002-9-2, DR Division, 2nd Division, Circuit Court of Union County, Arkansas. Linda Marlene Julian (now Gorz) quitclaimed her interest in FJN Contractors, Inc. by quitclaim deed dated July 29, 2002.

reamortized between January 30, 1998 and June 18, 2001, and more particularly described as follows:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| EM-43-09 | March 28, 2001 | $19,140.00 | 3.75% | 20 annual installments in the amount of $1,378.00 beginning March 28, 2002. |
| EM-43-10 | March 28, 2001 | $62,480.00 | 3.75% | Due and payable on March 28, 2002 in one installment in the amount of $64,823.00. |
| OL-R-44-11 | June 18, 2001 | $20,000.00 | 5.25% | Due and payable on December 31, 2001 in one installment in the amount of $20,565.00. |
| EM-LR-43-12* | February 28, 2000 | $76,502.38 | 3.75% | 15 annual installments in the amount of $6,762.00 beginning December 31, 2000. |
| *Note: This Note was rescheduled from Note No. 43-05 dated January 30, 2998 in the amount of $49,290.00; and, Note No. 43-02 dated January 30, 1998 in the amount of $26,770.00. | | | | |
| OL-R-43-13* | February 28, 2000 | $128,460.73 | 5.0% | 15 annual installments in the amount of $12,378.00 beginning December 31, 2000. |
| *Note: This Note was rescheduled and consolidated from Note No. 44-06 dated December 15, 1998 in the amount of $120,000.00 and rescheduled from Note No. 44-03 dated January 30, 1998 in the amount of $44,640.00. | | | | |

The United States of America is the owner and holder of said Notes.

    13.    That, to secure the indebtedness set forth above, Francisco Garcia Julian and Linda Marlene Julian, individually and as Partners of F J N, executed and acknowledged in the manner required by Arkansas law, and delivered to the Farm Service Agency, United States Department of Agriculture, certain Real Estate Mortgages for Arkansas, described below:

3

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| June 18, 2001[2] | June 18, 2001 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Bradley County, Arkansas in Book 204, at Page 590. |
| March 28, 2001 | March 28, 2001 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Bradley County, Arkansas in Book 203, at Page 60. |
| February 28, 2000 | February 28, 2000 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Bradley County, Arkansas in Book 197, at Page 309. |
| December 15, 1998 | December 15, 1998 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Bradley County, Arkansas in Book 189, at Page 556. |
| January 30, 1998 | February 3, 1998 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Bradley County, Arkansas in Book 184, at Page 209. |

By execution of the aforementioned Mortgages, Defendants Francisco Garcia Julian and Linda Marlene Julian, executed individually and as Partners of F J N, conveyed a priority mortgage lien in the property described therein and situated in Bradley County, Arkansas, and more particularly described as follows:

> Tract 1:    The Northwest Quarter of the Southeast Quarter of Section 35, Township 14 South, Range 11 West, excepting a strip 132 feet East and West across the East side of said forty, leaving 36.0 acres, more or less.

> Tract 2:    The Southwest Quarter of the Southeast Quarter of Section 35, Township 14 South, Range 11 West excepting a strip containing 8 acres described as beginning at the Southwest Corner of said forty and running North 417 feet, thence East 840 feet, thence South 417 feet thence West 840 feet to the point of beginning, leaving 32 acres, more or less,

AND

---

[2]    This Mortgage was signed by Francisco Julian and Linda Julian by Francisco Julian.

Tract 3: Beginning at the Northeast Corner of the Southeast Quarter of the Southwest Quarter of Section 35, Township 14 South, Range 11 West, and run West 418 feet, thence South 418 feet, thence East 418 feet, thence North 418 feet to the point of beginning, containing 4 acres, more or less.

Tract 4: Beginning at the Northwest Corner of the Southeast Quarter of the Southeast Quarter of Section 35, Township 14 South, Range 11 West and run East 330 feet, thence South 1,320 feet, thence West 330 feet, thence North 1,320 feet to the point of beginning, containing 10 acres, more or less.

LESS AND EXCEPT 4.94 ACRES IN THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER.

Tract 5: Commencing at the Northwest Corner of the Northeast Quarter of the Southwest Quarter of Section 35, Township 14 South, Range 11 West and running South along the West line of said forty a distance of 330 feet to the point of beginning of tract herein conveyed, thence East parallel with the North line of said forty 718 feet, thence South parallel with the West line of said forty 330 feet, thence West parallel with the North line of said forty 718 feet to the West line of said forty, thence North along the West line of said Forty, 330 feet to the point of beginning, containing 5.45 acres, more or less.

Tract 6: The Northeast Quarter of the Southeast Quarter of Section 35, Township 14 South, Range 11 West.

Tract 7: The East 4 acres in the Northwest quarter of the Southeast Quarter of Section 35, Township 14 South, Range 11 West.

14. The United States of America is the owner and holder of said Mortgages.

15. That, to further secured the indebtedness described above, Defendants Francisco Garcia Julian and Linda Marlene Julian (now Gorz), individually and as Partners of F J N, executed and delivered to the United States Department of Agriculture, acting by and through the Farm Service Agency, certain Security Agreements (Chattels and Crops) dated: June, 18, 2001, March 28, 2001, February 28, 2000, December 15, 1998, January 30, 1998, and July 25, 1997. The aforementioned Agreements were properly perfected by the filing of Financing Statements on March 28, 2001 as Instrument Nos. 039465 and 039466, respectively. Said Financing

Statements were continued by the filing of Continuations on September 28, 2005.  By execution of said Agreements, Defendant conveyed a priority, secured lien in all farm equipment, now owned or hereafter acquired, and more particularly described below:

| Quantity | Kind | Manufacturer | Size/Type | Condition | Year | Serial No. |
|---|---|---|---|---|---|---|
| 1 | Tractor | John Deere | 4930 | Good | | |
| 2 | Trailers | | | Good | | |
| 3 | Hot Houses | | | Good | | |

    16.    That the Plaintiff is the legal holder of these agreements.

    17.    That despite notice and demand, the Defendant Francisco Garcia Julian, Individually and as partner of FJN Contractors, Inc. has neglected and refused to pay his obligation on the notes and is in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of notes 43-09, 43-12 and 43-13 the sum of  $207,480.35, and costs and fees assessed to the account.

    18.    For a valuable consideration, the Defendants Francisco Garcia Julian and Linda Marlene Julian (now Gorz), Individually and as partners of FJN Contractors, Inc. in said mortgages waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendants Francisco Garcia Julian and Linda Marlene Julian (now Gorz) likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

19.     That, Defendant, Linda Marlene Julian (Gorz), may claim an interest in the real property that is the subject of this action since she continues to be the registered agent for service of FJN Contractors Inc., although she quitclaimed her interest in FJN in a Quitclaim Deed dated July 29, 2002.  Any claim this Defendant may have is junior, inferior and subordinate to the claim of the United States.

20.     That, Defendant, Deborah Julian, may claim a dower interest in the real property that is the subject of this action; however, her claim is junior, inferior and subordinate to the claim of the United States of America.

21.     That, Defendant, International Paper Company, may claim an interest in the real property that is the subject of this action by virtue of a Default Judgment entered in *International Paper vs. Francisco Julian and Linda Julian, dba Julian Farms,* Case No. CV-2002-37-4, Circuit Court of Bradley County, Arkansas.  Any claim this Defendant may have is junior, inferior and subordinate to the claim of the United States of America.

22.     That, Defendant, Ford Motor Credit Company, may claim an interest in the real property that is the subject of this action by virtue of two (2) Default Judgments entered in *Ford Motor Credit Company vs. Francisco Julian,* Case No. CV-2002-55-4, and *Ford Motor Credit Company vs. Francisco Julian,* Case No. CV-2003-126-3, Circuit Court of Bradley County, Arkansas.  Any claim this Defendant may have is junior, inferior and subordinate to the claim of the United States of America.

23.     That, Defendants, AgWorks, Inc. and Dan Bremer, dba AgriStaff, may claim an interest in the real property that is the subject of this action by virtue of a Default Judgment entered in *AgWorks, Inc., and Dan Bremer, dba AgriStaff vs. Francisco Julian, Individually and*

*dba F J N Contractors,* Case No. CV-2004-92-2, Circuit Court of Bradley County, Arkansas. Any claim this Defendant may have is junior, inferior and subordinate to the claim of the United States of America.

      IT IS, THEREFORE, ORDERED AND DECREED this 7th day of October, 2009:

      That the Plaintiff, United States of America, have and recover judgment in rem against the property and in personam against the Defendant Francisco Garcia Julian, Individually and as Partner to FJN Contractors, Inc. in the amount of $207,480.35, together with interest at the legal rate of .39 percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid, and costs herein laid out and expended.

      That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted as to notes 43-09, 43-12 and 43-13.

      IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Bradley County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Bradley County Courthouse in Warren, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

      The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and

costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

      IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED.  Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof. JURISDICTION of this case is retained.

                                                    /s/ Harry F. Barnes
                                            Hon. Harry F. Barnes
                                            United States District Judge